IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18-cv-00427-DGK ) |
| BANK OF AMERICA, N.A., et al., | ) ) |
| Defendants. | ) ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

**PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring claims against it under the FCRA. Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Equifax admits the allegations in Paragraph 6.

7. Equifax admits the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court may exercise its jurisdiction.

9. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

## BACKGROUND AND FACTUAL ALLEGATIONS

10. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 9.

11. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Equifax admits that it received a dispute from Plaintiff or someone acting on Plaintiff's behalf. The dispute speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the dispute those allegations are denied. .

22. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 22.

23. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 23.

24. Equifax admits that it notified Plaintiff of the results of its reinvestigation. The reinvestigation results speak for themselves, and to the extent that Plaintiff misstates, misquotes,

mischaracterizes or takes out of context the contents of the reinvestigation results those allegations are denied.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Equifax denies the allegations in Paragraph 27 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Equifax denies the allegations in Paragraph 28 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Equifax denies the allegations in Paragraph 29 as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

## FIRST CLAIM FOR RELIEF
### (Negligent and Willful Violations of 15 U.S.C. §1681*i* by Equifax)

30. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 29.

31. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 31.

32. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 32.

33. Equifax states that the FCRA speaks for itself. To the extent Plaintiff misstates, misquotes, or mischaracterizes the FCRA, Equifax denies the allegations in Paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax denies the allegations in Paragraph 35.

36. Equifax denies the allegations in Paragraph 36.

37. Equifax denies the allegations in Paragraph 37.

38. Equifax denies the allegations in Paragraph 38.

39. Equifax denies the allegations in Paragraph 39, including the subsequent WHEREFORE Paragraph.

## SECOND CLAIM FOR RELIEF
### (Negligent and Willful Violations of 15 U.S.C. §1681*s-2* by BANA)

40. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 39.

41. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

Equifax admits Plaintiff demands a trial by jury.

Equifax denies that the Plaintiff is entitled to any relief claimed in his Complaint.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

## FIRST DEFENSE

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

## SECOND DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## THIRD DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FOURTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## FIFTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to have additional defenses that it learns through the course of discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

POLSINELLI PC

*/s/ G. Gabriel Zorogastua*

| | |
|---|---|
| G. Gabriel Zorogastua | MO Bar #59643 |
| Phillip J. R. Zeeck | MO Bar #65298 |

900 W. 48th Street, Suite 900
Kansas City, Missouri 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: gzorogastua@polsinelli.com
Email: pzeeck@polsinelli.com

ATTORNEYS FOR DEFENDANT
EQUIFAX INFORMATION SERVICES LLC

8

# CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the 1st day of August, 2018. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

Andrew M. Esselman, Esq.
CREDIT LAW CENTER
4041 NE Lakewood Way, Suite 200
Lee's Summit, Missouri 64064
Email: Andrew@creditlawcenter.com
***Counsel for Plaintiff***

Matthew D. Guletz, Esq.
Steven Shredl, Esq.
THOMPSON COBURN LLP-2700
One US Bank Plaza, Suite 2700
St. Louis, Missouri 63101-1686
Email: mguletz@thompsoncoburn.com
Email: sshredl@thompsoncoburn.com
***Counsel for Defendant***
***Bank of America, N.A.***

                /s/ G. Gabriel Zorogastua
               Attorney for Defendant Equifax Information
               Services LLC