# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA WILLIAMS, | ) |
|       Plaintiff, | ) |
|    v. | ) |
| BANK OF AMERICA, N.A., | ) Case No. 4:18-cv-00427-DGK |
| and | ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) |
|       Defendants. | ) |

## DEFENDANT BANK OF AMERICA, N.A.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bank of America, N.A. ("BANA") answers and responds to Plaintiff Angela Williams' Complaint as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint ("Paragraph 1"), BANA admits that Plaintiff purports to bring a causes of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). BANA denies all remaining allegations and specifically denies that it violated the FCRA or that Plaintiff is entitled to any of the relief sought in the Complaint.

## PARTIES

2. BANA is without information sufficient to admit or deny the allegations in Paragraph 2 and, therefore, denies the allegations.

3. In response to Paragraph 3, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 3.

4. BANA states that is a national association with its principle place of business in Charlotte, North Carolina and that it transacts business in Missouri. BANA denies all remaining allegations in Paragraph 4.

5. In response to Paragraph 5, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 5.

6. The allegations set forth in Paragraph 6 are not directed at BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 6 and, therefore, denies the allegations.

7. The allegations set forth in Paragraph 7 are not directed at BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 7 and, therefore, denies the allegations.

## JURISDICTION AND VENUE

8. In response to Paragraph 8, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 8. By way of further response, BANA is not contesting jurisdiction.

9. In response to Paragraph 9, those allegations contain conclusions of law to which no response is required. To the extent a response may be required, BANA denies the allegations contained in Paragraph 9. By way of further response, BANA is not contesting venue.

## BACKGROUND AND FACTUAL ALLEGATIONS

10. BANA incorporates by reference its responses to Paragraphs 1 through 9 as though fully set forth here.

11. BANA admits only that Plaintiff has a credit card account – currently ending in 9618 – with BANA (the "Account"). BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 11 and, therefore, denies the allegations.

12. BANA admits only that Plaintiff used the Account. BANA denies all remaining allegations set forth in Paragraph 12.

13. BANA admits only that the Account became past due. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 13 and, therefore, denies the allegations.

14. BANA admits only that, in 2014, BANA ceased to collect the debt owed on the Account and notified the IRS via Form 1099-C. BANA denies any remaining allegations in Paragraph 14. To the extent the allegations in Paragraph 14 reference a certain Form 1009-C, that document speaks for itself. To the extent the allegations in Paragraph 14 are inconsistent with that document, BANA denies those allegations. BANA denies all remaining allegations in Paragraph 14.

15. To the extent the allegations in Paragraph 15 concern a certain "tax return," that document speaks for itself. To the extent the allegations in Paragraph 15 are inconsistent with

that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 15 and, therefore, denies the allegations.

16. BANA is without information sufficient to admit or deny the allegations in Paragraph 16 and, therefore, denies the allegations.

17. To the extent the allegations in Paragraph 17 concern a certain "report," that document speaks for itself. To the extent the allegations in Paragraph 17 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 17 and, therefore, denies the allegations.

18. To the extent the allegations in Paragraph 18 concern a certain "report," that document speaks for itself. To the extent the allegations in Paragraph 18 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 18 and, therefore, denies the allegations.

19. To the extent the allegations in Paragraph 19 concern a certain "report," that document speaks for itself. To the extent the allegations in Paragraph 19 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 19 and, therefore, denies the allegations.

20. To the extent the allegations in Paragraph 20 concern a certain "report," that document speaks for itself. To the extent the allegations in Paragraph 20 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 20 and, therefore, denies the allegations.

21. To the extent the allegations in Paragraph 21 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 21 are inconsistent with

Case 4:18-cv-00427-DGK   Document 13   Filed 08/29/18   Page 4 of 14

that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 21 and, therefore, denies the allegations.

22. The allegations in Paragraph 22 constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the allegations in Paragraph 23.

24. To the extent the allegations in Paragraph 24 concern a certain "letter," that document speaks for itself. To the extent the allegations in Paragraph 24 are inconsistent with that document, BANA denies those allegations. The allegations set forth in Paragraph 24 are not directed at BANA, thus, no response is required. To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 24 and, therefore, denies the allegations.

25. To the extent the allegations in Paragraph 25 concern a certain "response," that document speaks for itself. To the extent the allegations in Paragraph 25 are inconsistent with that document, BANA denies those allegations.

26. To the extent the allegations in Paragraph 26 are directed at BANA, BANA denies the allegations. To the extent the allegations in Paragraph 26 are directed at another party to this matter, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 26 and, therefore, denies the allegations.

-5-

Case 4:18-cv-00427-DGK   Document 13   Filed 08/29/18   Page 5 of 14

27. To the extent the allegations in Paragraph 27 are directed at BANA, BANA denies the allegations. To the extent the allegations in Paragraph 27 are directed at another party to this matter, no response is required from BANA. To the extent that Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 27 directed at another party to this matter, and, therefore, denies the allegations.

28. To the extent the allegations in Paragraph 28 are directed at BANA, BANA denies the allegations. BANA also specifically denies it violated the FCRA and denies that Plaintiff is entitled to any of the relief sought in the Complaint. To the extent the allegations in Paragraph 28 are directed at another party to this matter, no response is required from BANA. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 28 directed at another party to this matter, and, therefore, denies the allegations.

29. To the extent the allegations in Paragraph 29 concern a certain "report," that document speaks for itself. To the extent the allegations in Paragraph 29 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 29 and, therefore, denies the allegations.

## **FIRST CLAIM FOR RELIEF**

**(Negligent and Willful Violations of 15 U.S.C. § 1681i by Equifax)**

30. BANA incorporates by reference its responses to Paragraphs 1 through 29 as though fully set forth here.

31. The allegations in Paragraph 31 purport to be a citation to and quotation of 15 U.S.C. § 1681*i*(a)(1). Section 1681*i*(a)(1) speaks for itself, and BANA denies any allegations inconsistent with this statute. The remaining allegations in Paragraph 31 of the Complaint

constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the remaining allegations.

32. The allegations in Paragraph 32 purport to be a citation to of 15 U.S.C. § 1681*i*(a)(5)(A). Section 1681*i*(a)(5)(A) speaks for itself, and BANA denies any allegations inconsistent with this statute. The remaining allegations in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the remaining allegations.

33. The allegations in Paragraph 31 purport to be a citation to and quotation of 15 U.S.C. § 1681*i*(a)(5)(b). Section 1681*i*(a)(5)(b) speaks for itself, and BANA denies any allegations inconsistent with this statute. The remaining allegations in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the remaining allegations.

### Equifax's Reasonable Reinvestigation Violations

34. To the extent the allegations in Paragraph 34 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 34 are inconsistent with that document, BANA denies those allegations. The allegations set forth in Paragraph 34 are not directed at BANA, thus, no response is required. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 34 and, therefore, denies the allegations.

35. To the extent the allegations in Paragraph 35 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 35 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 35 and, therefore, denies the allegations.

36.     The allegations set forth in Paragraph 36 are not directed at BANA, thus, no response is required. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 36 and, therefore, denies the allegations.

37.     The allegations set forth in Paragraph 37 are not directed at BANA, thus, no response is required. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 37 and, therefore, denies the allegations.

38.     The allegations set forth in Paragraph 38 are not directed at BANA, thus, no response is required. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 38 and, therefore, denies the allegations.

39.     The allegations set forth in Paragraph 39 and the "WHEREFORE" clause following Paragraph 39 are not directed at BANA, thus, no response is required. To the extent that the Plaintiff contends that a response is required, BANA is without information sufficient to admit or deny the allegations in Paragraph 39 and in the "WHEREFORE" clause following Paragraph 39 and, therefore, denies the allegations.

## SECOND CLAIM FOR RELIEF

**(Negligent and Willful Violations of 15 U.S.C. § 1681S-2 by BANA)**

40.     BANA incorporates by reference its responses to Paragraphs 1 through 39 as though fully set forth here.

41. The allegations in Paragraph 41 constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 43 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 43 and, therefore, denies the allegations.

44. To the extent the allegations in Paragraph 44 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 44 are inconsistent with that document, BANA denies those allegations. BANA is without information sufficient to admit or deny the remaining allegations in Paragraph 44 and, therefore, denies the allegations.

45. BANA admits only that it received a certain dispute from Equifax. To the extent the allegations in Paragraph 45 concern a certain "dispute," that document speaks for itself. To the extent the allegations in Paragraph 45 are inconsistent with that document, BANA denies those allegations. The remaining allegations in Paragraph 45 constitute conclusions of law to which no response is required. To the extent a response is required, BANA denies the remaining allegations in Paragraph 45.

46. BANA admits only that it responded to the dispute received from Equifax. To the extent the allegations in Paragraph 46 concern a certain "response," that document speaks for

-9-

Case 4:18-cv-00427-DGK   Document 13   Filed 08/29/18   Page 9 of 14

itself. To the extent the allegations in Paragraph 46 are inconsistent with that document, BANA denies those allegations. BANA denies all remaining allegations set forth in Paragraph 46.

47. BANA denies the allegations set forth in Paragraph 47.

48. BANA denies the allegations set forth in Paragraph 48 and denies that Plaintiff is entitled to any relief sought in the Complaint.

49. BANA denies the allegations set forth in Paragraph 49 and in the "WHEREFORE" clause following Paragraph 49, including subparts (a) through (e), denies that it violated the FCRA, and denies that Plaintiff is entitled to any relief sought in the Complaint.

## JURY DEMAND

BANA denies that Plaintiff is entitled to a jury trial for any cause of action.

## AFFIRMATIVE DEFENSES

BANA submits the following as its list of affirmative defenses in this matter:

1. Any allegations not specifically admitted here are denied.

2. BANA states that the Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

3. BANA states that Plaintiff, by consenting to the acts and omissions described in the Complaint and/or by failing to raise issue with those acts and omissions in a timely manner, waived, relinquished, and abandoned any claims arising from those acts or omissions.

4. BANA states that the Complaint is barred, in whole or in part, by the doctrines of fraud, laches, estoppel, and/or unclean hands.

5. BANA states that the Complaint is barred, in whole or in part, because Plaintiff failed to properly mitigate her damages.

6. BANA states that its actions were not egregious, knowing, willful, wanton, grossly negligent, or reckless, nor did it act in bad faith, and it otherwise cannot be held responsible or liable for punitive damages.

7. BANA states that at all times relevant hereto BANA conducted itself in good faith.

8. BANA states that it did not engage in any act or omission that would justify an award of litigation expenses or attorney's fees, and Plaintiff is otherwise not entitled to such an award.

9. Plaintiff's damages, if any, were caused by the action and/or inactions of third parties and/or intervening causes over which BANA had no control.

10. Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions and thus, BANA cannot be held responsible or liable.

11. BANA states that at all times relevant hereto, BANA conducted itself in conformity with all applicable laws and regulations, including those governing banking entities.

12. Plaintiff suffered no actual injury. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

13. Plaintiff's Complaint seeks punitive damages. BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

14. Plaintiff's claim for punitive damages is barred or limited by the provisions of 15

U.S.C. § 1681n.

15. BANA pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

16. Plaintiff's claim that BANA committed willful violations of the Fair Credit Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

17. BANA reserves the right to assert any additional affirmative defenses as may be disclosed during the course of discovery.

**WHEREFORE,** BANA prays to the Court as follows:

1. That the claims against BANA be dismissed with prejudice;

2. That Plaintiff has and recovers nothing from BANA;

3. That the costs incurred by BANA in defending this action be taxed to Plaintiff; and

4. That BANA be granted such other and further relief as the Court deems just and proper.

Dated: August 29, 2018.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By:    /s/ *Steven A. Shredl*
                Steven A. Shredl, #69345
                One US Bank Plaza
                St. Louis, Missouri 63101
                314-552-6000
                FAX 314-552-7000 Fax
                sshredl@thompsoncoburn.com

                *Attorneys for Defendant Bank of America, N.A.*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system on this 29th day of August, 2018, which constitutes service on below counsel who is a registered electronic filing user, pursuant to FED. R. CIV. P. 5(b)(2)(D):

> Andrew M. Esselman, Esq.
> Credit Law Center
> 4041 NE Lakewood Way, Suite 200
> Lee's Summit, MO 64064
> Tel: (816) 246-7800
> andrewe@creditlawcenter.com

/s/ *Steven A. Shredl*